IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13 CR 79-10

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JOHN LOUIS PIVONKA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE coming on to be heard before the undersigned upon a Violation Report (#102) filed in the above entitled cause on February 11, 2014 by the United States Probation Office alleging that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared the Defendant was present with his counsel, Attorney Rodney Hasty, and the Government was present through Assistant United States Attorney, Richard Edwards. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, denied the allegations contained in the Violation Report. Testimony was then presented by the Government through Jason Grindstaff, Detective with the McDowell County, North Carolina Sheriff's Office.

The Defendant was charged in a bill of indictment filed on December 3, 2013 with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 846 and three counts of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Defendant was arrested on December 11, 2013 and detained until January 15, 2014. On that date, the undersigned entered an order releasing Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1) That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

On Sunday, January 26, 2014, Defendant was stopped by a McDowell County, NC Deputy. The Deputy noticed that Defendant was operating a vehicle which was pulling a camper which did not have appropriate tag or registration. The Deputy contacted Detective Jason Grindstaff who then interviewed Defendant. The Defendant told Det. Grindstaff that while he had been detained as a result of the orders of this Court, an acquaintance of Defendant had stolen items of property from Defendant's home. Defendant further advised that he had gone to where his property was located, which was on the property of Matthew Grindstaff, and had obtained his property. The Defendant told Det. Grindstaff he had taken a camper

because he had been given authority to do so by the owner.  When Det. Grindstaff interviewed Matthew Grindstaff, Matthew Grindstaff advised Det. Grindstaff that he owned the camper and he had not given permission for the Defendant to go upon his property.  Det. Grindstaff further testified that he had made efforts to get in touch with the alleged owner of the camper, Roger McMahan, but Mr. McMahan could not be located.  After an investigation, charges were brought against Defendant in McDowell County on February 7, 2014 for felony larceny and felony breaking & entering.

**Discussion**.  18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1)   finds that there is----
      (A) probable cause to believe that the person has committed a
Federal, State, or local crime while on release; or
      (B) clear and convincing evidence that the person has violated any
 other condition of release; and
(2)   finds that ---
      (A) based on the factors set forth in section 3142(g) of this title, there
is no condition or combination of conditions of release that will assure that
the person will not flee or pose a danger to the safety of any other person or
the community; or
      (B) the person is unlikely to abide by any condition or combination
of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a

danger to the safety of any other person or the community."

Based upon the evidence, the undersigned cannot find there is probable cause to believe Defendant committed either a federal or state felony. There is some reason to believe that Defendant may have committed a state crime of misdemeanor larceny. However, it appears that property of the Defendant had been stolen by Matthew Grindstaff while Defendant was incarcerated and the Defendant, rather than seeking assistance from law enforcement or filing a civil action against Matthew Grindstaff, decided to conduct claim and delivery of Defendant's property that was located on property under the control of Matthew Grindstaff.

Due to the findings made above, it appears that there are conditions or combination of conditions of release that would assure that Defendant would not pose a danger to the safety of any other person or the community. It is further the opinion of the undersigned that based upon the testimony of Det. Jason Grindstaff, that it is likely the Defendant will abide by conditions or a combination of conditions of release. As a result, the undersigned will dismiss the allegations contained in the Violation Report, but will modify the terms and conditions of release of Defendant to insure that while Defendant is released, he cannot commit any further criminal acts.

# ORDER

**IT IS, THEREFORE**, **ORDERED** that the allegations contained in the Violation Report (#102) are hereby **DISMISSED**.

Signed: February 24, 2014

Dennis L. Howell
United States Magistrate Judge