| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **JOHN LOUIS PIVONKA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned upon a Violation Report (#159) filed in the above entitled cause by the United States Probation Office.  In the Violation Report, the United States Probation Office alleges that Defendant has violated terms and conditions of his pretrial release.  At the call of this matter on for hearing it appeared the Defendant was present with his counsel, Rodney Hasty, and the Government was present through Assistant United States Attorney, John Pritchard.  From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**:   At the call of the matter, the Defendant, by and through his attorney, admitted the allegations contained in the Violation Report.  The Government introduced, without objection, the Violation Report into evidence.

The Defendant was charged in a bill of indictment (#3) filed on December 3,

2013 with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 846 and three counts of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On January 15, 2014, the undersigned entered an order releasing Defendant on a $25,000 unsecured bond (#82). On February 19, 2014, the undersigned modified the terms and conditions of release (#114).

The conditions of release of Defendant included the following:

(1)    That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(8)(p)  Defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(8)(s)  Defendant was placed on home detention which restricted him to his residence at all times except for employment, education, religious services, or other activities. And

(8)(t)  Defendant was required to be upon electronic monitoring.

On April 21, 2014 and April 28, 2014, Defendant submitted to a urinalysis drug test and he tested positive for the use of amphetamines. On April 26, 2014, Defendant had unauthorized leave from his location monitoring during the period

from 12:13 p.m. until 3:15 p.m. on April 26, 2014 without valid excuse.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1)     finds that there is----
          (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
          (B) clear and convincing evidence that the person has violated any other condition of release; and
(2)     finds that ---
          (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
          (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed a federal or state crime while on release. The Defendant possessed methamphetamine on two occasions so he could consume that substance. That possession violated both state and federal law. The possession of methamphetamine is a misdemeanor under federal law. 21 U.S.C. § 844. The possession of methamphetamine is a felony under state law. N.C.G.S. §

90-95(a)(3). Due to the fact there is probable cause to believe that Defendant committed a state felony, a rebuttable presumption, arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions of release would assure that Defendant would not pose a danger to the safety of any other person or the community. There has been further shown by clear and convincing evidence that Defendant violated other conditions of release in that it has been shown that Defendant used amphetamine which is a controlled substance defined in 21 U.S.C. § 802 which is not prescribed by any license medical practitioner. Defendant has further violated the terms and conditions of pretrial release in that he was away from his electronic monitoring and home detention on April 26, 2014 from 12:13 p.m. until 3:15 p.m. without valid excuse.

Due to the findings made above and further considering the presumption that has been created by 18 U.S.C.§ 3148 and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely that the Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation

revoking the unsecured bonds entered in this matter and entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bonds (#82) and (#114) and the terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is ordered that Defendant be detained pending further proceedings in this matter.

Signed: May 15, 2014

Dennis L. Howell
United States Magistrate Judge