# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:13-cr-00079-MR-DLH-10

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JOHN LOUIS PIVONKA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's letter [Doc. 287], which the Court construes as a motion for jail credit.

The Attorney General, not the sentencing court, is responsible for computing a prisoner's sentence credit. United States v. Wilson, 503 U.S. 329, 335 (1992). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the Bureau of Prisons. Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of his sentence computation. Id. Further, because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989),

such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Here, the Defendant asserts that he has exhausted his administrative remedies with the BOP. If that is in fact the case, the Defendant should seek judicial review in the district of his confinement pursuant to § 2241.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 287], which the Court construes as a motion, is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: December 14, 2015

Martin Reidinger
United States District Judge